IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
MIAMI DIVISION

THE HARTFORD STEAM BOILER
INSPECTION AND INSURANCE COMPANY,
a foreign corporation,

    Plaintiff,                                 CASE NO.: _____

vs.

SPACE 01 CONDO ASSOCIATION, INC.

    Defendant

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY ("HSB"), by and through its attorneys, files this Complaint for Declaratory Judgment against Defendant, SPACE 01 CONDO ASSOCIATION, INC. ("Defendant"), and alleges as follows:

1. This is an action for Declaratory Judgement pursuant to 28 U.S.C. §2201.

2. Venue is properly laid in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(a) because the Defendant's principal place of business is within this judicial district.

3. The matter in controversy exceeds the sum of $75,000, exclusive of attorney's fees, interest and costs, based on the Defendant's demand for payment in the amount of $136,895.00.

4. At all times material hereto Plaintiff, HSB, was and is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Thus HSB is a citizen of Connecticut.

5. HSB is an insurance carrier authorized to do business in the State of Florida.

6. At all times material to this action Defendant, SPACE 01 CONDO ASSOCIATION, INC., was and is a Florida corporation with its principle place of business office located at 7934 West Drive, North Bay Village, Florida 33141. Thus Defendant is a citizen of Florida.

7. There is complete diversity of citizenship between the parties within the meaning of 28 U.S.C. §1332 because HSB is a citizen of Connecticut and Defendant is a citizen of Florida.

8. HSB issued equipment breakdown policies of insurance, Policy FBP2336904, to Defendant insuring certain equipment and property located at 7934 West Drive, North Bay Village, Florida 33141, for the period of August 26, 2017 through August 26, 2018, and August 26, 2018, through August 26, 2019. A copy of each Policy is attached as **Exhibit "A"** and **Exhibit "B"** respectively.

9. In June 2018, the elevators were allegedly exposed to water intrusion. This was not reported to HSB.

10. In November 19, 2018, the Defendant hired National Elevator, Inc. to perform tests on the elevators. National Elevator performed a 5-year full load drop test for the elevators. During the drop test the North elevator's brakes grabbed unevenly causing bending of the platform and elevator car.

11. In November 2018, National Elevator rebuilt the safety components, as well as straightened and realigned bent steel components. National Elevator advised that the safety mechanism system had some rust which may have caused the problem. National Elevator cleaned the rust immediately after the incident.

12. On January 9, 2019, for the first time, the Defendant provided notice to HSB for damage to the North elevator car of the subject property.

13. National Elevator Company disassembled, repaired, cleaned and rebuilt the above-described safety mechanism, before HSB had an opportunity to inspect the safety mechanism, and observe the rust accumulation located in the safety mechanism.

14. The Defendant contends that a mechanical breakdown occurred that was a result of the brakes failing, however no documentation or information was provided to HSB to support this position.

15. HSB concluded, based on the available information and the lost opportunity to inspect the safety mechanism, that the above-descried elevator car did not experience an "accident", but suffered damage as a result of rust accumulation.

## COUNT I

### DECLARATORY JUDGMENT TO DETERMINE APPLICABILITY OF POLICY EXCLUSIONS

16. The allegations of Paragraphs 1 through 15 are re-alleged and incorporated by reference herein.

17. Both policies provide coverage for Equipment Breakdown, and, in pertinent part, the polices provide as follows (Form TEC150):

A. **COVERAGE**

This Equipment Breakdown Coverage provides insurance for a Covered Cause of Loss as defined in A.1. below. In the event of a Covered Cause of Loss, we will pay for loss as described in A.2. below.

1. **Covered Cause of Loss**

    a. **"Accident" and Electronic Circuitry Impairment"**

    The following applies when Electronic Circuitry Impairment is shown as Included in the Declarations:

    The Covered Cause of Loss for this Equipment Breakdown Coverage is an "accident" or "electronic circuitry impairment." Without an "accident" or electronic circuitry impairment" there is no Equipment Breakdown Coverage.

18. The policies define "Accident" as follows:

    G. **Definitions**

    1. "**Accident**"

        a. "Accident means a fortuitous event that causes direct physical damage to "covered equipment." The event must be one of the following:

            (1) Mechanical breakdown, including rupture or bursting caused by centrifugal force;
            (2) Artificially generated electrical current, including electrical arcing, that damages electrical devises, appliances or wires;
            (3) Explosion, other than combustion explosion, of steam boilers, steam piping, steam engines or steam turbines;
            (4) An event inside steam boilers, steam pipes, steam engines or steam turbines that damages such equipment;
            (5) An event inside hot water boilers or other water hearing equipment that damages such equipment; or

      (6) Bursting, cracking or splitting.

19. HSB has made a determination that the Defendant's claim is not covered because the event does not satisfy the definition of an "accident."

20. Furthermore, HSB has determined that loss is not an "accident" pursuant to the following policy provision:

> b. None of the following is an "accident", however caused and without regard to whether such condition or event is normal and expected or unusual and unexpected.  However, if an event as defined under 1.a. above results from any of the following, it will be considered an "accident."
>
>  (1) Depletion, deterioration, rust, corrosion, erosion, settling or wear and tear;
>  (2) Any gradually developing condition;
>  (3) Any defect, programming error, programming limitation, computer virus, malicious code, loss of "data," loss of access, loss of use, loss of functionality or other condition within or involving "data" or "media" of any kind;
>  (4) Contamination by a "hazardous substance"; or
>  (5) Misalignment, miscalibration, tripping off-line, or any condition which can be corrected by resetting, tightening, adjusting or cleaning, or by the performance of maintenance.

21. HSB issued a coverage denial letter to the Defendant on January 31, 2019 based on the exclusion provided herein.  (See January 31, 2019, letter attached as **Exhibit "C"**).

22. Defendant indicated its disagreement with HSB's interpretation of the terms of the policy. (See May 23, 2019, letter attached as **Exhibit "D"**).

23. The parties are in doubt as to their legal rights and obligations in this situation and, therefore, seeks a judicial determination of its rights with respect to the policy exclusion provided herein.

5

24. Defendant has a direct interest which would be affected by a declaratory judgment in this action. It is therefore properly joined as a party to this Declaratory Judgment action.

25. There is a present and bona fide controversy between the parties and HSB is in need of a judicial declaration to protect its rights and to determine its rights, duties and obligations.

26. All conditions precedent to the maintenance of this declaratory judgment action have been complied with, met or waived.

WHEREFORE, Plaintiff, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, respectfully requests that this Honorable Court determine that HSB'S exclusion applies to the Defendant's claim and such other and further relief as this Honorable Court deems equitable and just.

## COUNT II

## DECLARATORY JUDGMENT TO DETERMINE APPLICABILITY OF POLICY CONDITIONS

27. The allegations of Paragraphs 1 through 15 are re-alleged and incorporated by reference herein.

28. Each Policy provides coverage for Equipment Breakdown, and the policies provide in pertinent part (Form TEC150):

**6.     Duties in the Event of Loss or Damage**

You must see that the following are done in the event of loss or damage:

a.     Give us a prompt notice of the loss or damage, including a description of the property involved.

\* \* \*

    c.    Allow us a reasonable time and opportunity to examine the property and premises before repair or replacement is undertaken or physical evidence of the Covered Cause of Loss is removed. But you must take whatever measures are necessary for protection from further damage.

\* \* \*

    f.    As often as may be reasonably required, permit us to inspect your property, premises and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

\* \* \*

29.    The Defendant failed to timely report the claim and allow HSB to inspect the loss.

30.    HSB contends that the Defendant's conduct is a violation of the insurance policies set forth above.

31.    The parties are in doubt as to their legal rights and obligations in this situation and, therefore, seeks a judicial determination of its rights with respect to the policy exclusion provided herein.

32.    Defendant has a direct interest which would be affected by a declaratory judgment in this action. It is therefore properly joined as a party to this Declaratory Judgment action.

33.    There is a present and bona fide controversy between the parties and HSB is in need of a judicial declaration to protect its rights and to determine its rights, duties and obligations.

34.    All conditions precedent to the maintenance of this declaratory judgment action have been complied with, met or waived.

35. HSB requests a jury trial on all issues so triable.

WHEREFORE, Plaintiff, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, respectfully requests that this Honorable Court determine that Defendant's conduct has violated the terms of the policy and such other and further relief as this Honorable Court deems equitable and just.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Thomas A. Keller

_____
THOMAS A. KELLER
Florida Bar No.:  0153354
tkeller@butler.legal
Secondary: lfarrell@butler.legal
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:   (813) 281-1900
Facsimile:    (813) 281-0900
*Attorneys for Defendant, The Hartford Steam Boiler Inspection and Insurance Company*